# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed June 9, 1911.

TRUSTEES OF THE CHURCH ROOMS FUND OF THE METHODIST EPISCOPAL CHURCH OF BALTIMORE CITY, DAVID H. CARROLL, SUMMERFIELD BALDWIN AND BENJAMIN F. BENNETT, PLAINTIFFS,

VS.

THE BOOK DEPOSITORIES OF THE BALTIMORE ANNUAL CONFERENCE OF THE METHODIST EPISCOPAL CHURCH IN BALTIMORE CITY AND J. HARRY MURRAY, DEFENDANTS.

*Bernard Carter* and *John Philip Hill* for plaintiffs.

*Marbury & Gosnell* for defendants.

STUMP, J.—

The defendant corporation has been in existence since December, 1871, and was created for the sale and distribution of the literature of the Methodist Episcopal Church, and the provision of conveniently located rooms for business meetings of its ministers and other persons connected with the administration of its affairs in Baltimore City. It had a capital stock and was managed in the usual way and for years earned and paid over dividends to its shareholders, but finally went out of active business when its buildings on Baltimore street were destroyed by the fire of 1904.

This corporation very properly had, as its charter intimated, a business or commercial side, as well as a moral, religious or charitable object. The "Church Rooms Fund," the subject of controversy in this cause, had its inception at the hands of the defendant corporation.

This is established by the undisputed records of proceedings of the last mentioned corporation as are substantially all of the facts necessary in the court's view for the proper disposition of this cause.

The said corporation at its general and board meetings arranged for the collection of this fund designed to bear income to be used to lighten the corporation's own financial burden in supplying rooms for the purposes its charter indicated as one of the two objects for which it was created. It was desired to collect $10,000, but this the evidence shows was never accomplished, although the records of the defendant corporation give some intimation that more than $3,050 had been contributed. As to the last mentioned sum, however, there is no dispute, and the defendant corporation, which will be designated as the Book Depository, acted throughout as the trustee of that fund and directed the plaintiff, D. H. Carroll, its own employee and in whose hands as treasurer of the fund it had placed the money, to invest the same in 122 shares of its own capital stock at par. This was complied with by D. H. Carroll as were all other suggestions of the Book Depository to him with reference to this fund and the certificates were issued to him as treasurer, and later when he ceased to be employed by the depository he gave up to it the possession of the certificates with that of its books and papers. Therefore the sum of $3,050 went into the treasury of the depository the same as the money of other subscribers to its capital stock, leaving the donors of the Church Rooms Fund consciously or unconsciously, and their beneficiaries, to the commercial fortunes of the depository.

The Depository has seen fit to give up commercial business, and had it continued therein until its assets were exhausted or its capital stock worthless, it may well be that the Church Rooms Fund would have been beyond rescue by its donors or beneficiaries.

The shares of stock, however, of the Depository are now worth at least double the par value.

The donors of the Church Rooms Fund were neither asked nor did they intend to make a gift to the Depository

for its own purposes, but placed the money with the Depository in confidence to further the somewhat general but sufficiently certain objects outlined by the charter of the Depository, and its representations inducing the donations and its recorded treatment of the fund.

The Depository for more than a quarter of a century in effect acted as Trustee of this Church Rooms Fund, and has the corpus of the trust, represented in its issued certificates for 122 shares, in its assets undistributed.

The individuals having donated the fund are not seeking its return to them and they are presumed never to have contemplated its return to them, and to have desired its permanent application to the useful and praiseworthy object of its bestowal.

The court fails to find, however, any interest all or any of the plaintiffs have in the Church Rooms Fund entitling them or any of them to have the fund or the custody thereof turned over to them in their individual or any representative capacity.

The defendant corporation, the Book Depository, is still in existence as a corporation and for many years through the charitable spirit and business sagacity of its successive officers supplied with its own corporate funds largely, and with some assistance from the money donated to the Church Rooms Fund, a constant need in the conduct of the business affairs of the Methodist Episcopal Churches of Baltimore and their annual conference.

This defendant corporation is held to be trustee of the Church Rooms Fund and directed to hold the corpus of the fund and invest the same and apply the income to the purposes intended; but in the event its stockholders desire its dissolution or decline the further execution of the trust it will be directed by the further order of this court to turn over the proceeds of its certificates in which the fund is invested now to some other trustee designated by the court, and in that event any suitable person nominated by a majority vote of the shares of the defendant corporation will receive serious and probable favorable consideration by the court.

Plaintiffs to pay plaintiffs' costs and the defendant corporation to pay defendants' costs.